DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, terminating parental rights and granting permanent custody of a child to a public children's services agency. Finding no error prejudicial to appellant, we affirm.
When Keishon M. was born in a Toledo Hospital on October 26, 1999, both he and his mother, appellant Keisha M.,[1]
tested positive for cocaine. Two days later, in an interview with a caseworker for appellee, Lucas County Children's Services Board, appellant admitted that she had used crack cocaine for nearly seven years, including during her pregnancy. Appellant also told the caseworker that she was unprepared to take the infant home, had no provisions to care for a newborn and had no permanent address. The day after this interview, appellant disappeared from the hospital and was not heard from again until after the final disposition of this matter.
Appellee took custody of Keishon at the hospital and placed him in foster care. Eventually, appellee filed a complaint of neglect and dependency which sought termination of appellant's parental rights and an award of permanent custody to appellee. As appellant was unable to be found, notice of these proceedings was provided by publication.
On April 10, 2000, the trial court held a permanent custody hearing at which neither parent appeared. The court took evidence and found Keishon neglected and dependent. Following a separate dispositional hearing, the court made requisite findings pursuant to R.C. 2151.414 (E), concluding that Keishon cannot and should not be returned to the care of his parents within a reasonable time. Moreover, the court found that Keishon's best interest would be served by granting appellee's motion for permanent custody. The court entered judgment accordingly.
Sometime after this proceeding, appellant was arrested on unrelated charges and apparently informed of her right to appeal the trial court's decision. She chose to exercise this right and appellate counsel was appointed.
Appellant's counsel has a filed a brief pursuant toAnders v. California (1967), 387 U.S. 738, which is accompanied by a motion to withdraw as counsel and an affidavit averring that counsel has examined the record and law in this matter. Counsel concludes that this review failed to reveal any prejudicial error committed by the trial court in this case.
Pursuant to Anders, counsel sets forth the following single potential assignment of error:
 I. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO APPELLEE WHEN APPELLANT WAS DENIED HER DUE PROCESS RIGHT TO RECEIVE SERVICE OF SUMMONS, NOTICE OF HEARING AND AMENDED COMPLAINT.
The irregularity of service to which this assignment refers is a failure to make a second notice by publication when the original complaint was amended to correct the spelling of the putative father's name. Following a discussion of this issue, counsel concludes that this assignment of error is without merit.
We have independently reviewed the entire record in this case and concur with appellate counsel's assessment. Any irregularity in service related not to this appellant, but to
Keishon's putative father and is, therefore, harmless. Civ.R. 61. Our review also reveals ample evidence to support the trial court's findings and conclusions. Therefore, we find that this case presents no arguable issues meriting review and that this appeal is without merit and wholly frivolous. Appellate counsel's motion to withdraw is found well-taken and is, hereby, granted. The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
[1] Keishon's putative father, Carleton Hairston, after proper notice, did not contest this termination of his parental rights and is not a party to this appeal.